**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARTURO G. BENEDETTI,
Plaintiff-Appellant,

v.                                                    No. 97-1324

COMPUTER SCIENCES CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-96-888-A)

Argued: April 6, 1998

Decided: July 26, 1999

Before WIDENER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** J. Charles Curran, KIDWELL, KENT & CURRAN, Fair-
fax, Virginia, for Appellant. Merrell B. Renaud, HAZEL &
THOMAS, P.C., Falls Church, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff, Arturo G. Benedetti, brought an action against defendant, Computer Sciences Corporation for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. The district court dismissed the action on summary judgment because the action was filed outside the statute of limitations. We affirm.

Benedetti was hired by Computer Sciences Corporation in 1993 as a computer programer in its Northern Virginia location. He suffers from multiple sclerosis. Benedetti alleges that: he was subjected to harassment and embarrassment on the job and that Computer Sciences Corporation failed to take action to prevent such mistreatment; failed to provide him with reasonable accommodations; and wrongfully disclosed about him to his fellow employees that he was disabled, which he chose to be confidential information.

In August 1994, Benedetti was placed on a Performance Improvement Plan. While on this plan, his medical condition worsened, forcing Benedetti to take sick leave. After subsequent evaluation, Computer Sciences Corporation determined that he had not completed this plan. By letter dated October 3, 1994, Computer Sciences Corporation terminated Benedetti.

Prior to being terminated, Benedetti went to the Equal Employment Opportunity Commission in Washington and there met with an EEOC counselor who advised him that he presently had suffered no harm to support a complaint but that he would have a claim if he were fired. The counselor also told Benedetti that he would have one year from the date of his termination in which to file an action. On or about May 12, 1995 Benedetti filed his charge of discrimination in the EEOC office in Pittsburgh, Pennsylvania. The EEOC issued a right-to-sue letter in March of 1996.

Benedetti filed his complaint in this case, and Computer Sciences Corporation filed a motion for summary judgment on various grounds including that the statute of limitations barred the claim. By order

2

dated January 31, 1998, the district court granted defendant's motion and dismissed Benedetti's action with prejudice. Benedetti appeals, and we have jurisdiction pursuant 28 U.S.C. § 1291.

The grant of a motion for summary judgment is reviewed de novo. Myers v. Finkle, 950 F.2d 165, 167 (4th Cir. 1991). Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views the evidence presented in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The Americans With Disabilities Act enforcement provision, 42 U.S.C. § 12117, incorporates the powers, remedies, and procedures of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-4 et seq. Thus, claimants are required to file a charge with the EEOC within 180 days of the alleged unlawful employment practice, unless within that period the claimant had "initially instituted proceedings with a State or local agency," in which case the charge must be filed with the EEOC within 300 days. 42 U.S.C. § 2000e-5(e)(1). "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court. This filing requirement acts as a 180-day statute of limitations." McCullough v. Branch Banking & Trust Co., 35 F.3d 127 (4th Cir. 1994) (citations omitted).

Benedetti was terminated by Computer Sciences Corporation on October 3, 1994. On May 12, 1995 he filed his claim with the EEOC in its Pittsburgh, Pennsylvania office. Benedetti admits that this filing was more than 180 days after his termination. Consequently, his claim is barred by the statutory 180-day limitations period unless the 300-day exception applies.

Under the statute, a claimant who "initially instituted proceedings with a State or local agency" must file a claim with the EEOC within 300 days from the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Benedetti argues that because he filed with the EEOC in Pennsylvania within 300 days, he is entitled to the 300-day limitations period. He bases his claim on the fact that the EEOC refers claims to the Pennsylvania Human Relations Commission under 29 C.F.R. § 1601.13(a)(3). According to Benedetti, this referral process

3

entitles him to the 300-day limitations period under 29 C.F.R. § 1601.13(a)(3) and 29 C.F.R. § 1601.13(a)(4)(ii)(A-B).

But this position was not taken by Benedetti in the district court. To the contrary, the argument now made was there conceded. The transcript shows that the subject was raised before the district court during argument on the motion for summary judgment. At that time, the court stated it had been advised that Benedetti took the position that the 180-day period did not apply because he had charged a continuing violation. While the question of a continuing violation is no longer in the case, Benedetti did take the position before the district court that the 300-day period applied rather than the 180-day period, and his attorney added ". . . I'd be happy to brief that point afterward if Your Honor is so inclined." A.132.

The following colloquy at once occurred:

> THE COURT: The question is whether it was 180 or 300.

> MR. CURRAN: Right.

A.132.

The court then permitted the attorneys to file additional authority as follows:

> THE COURT: I will let you file something with me by Tuesday, both sides, as to whether it's 180 or 300, and I will take it under advisement.

A.139.

The parties then filed supplemental memoranda. A part of the plaintiff's memorandum is quoted:

> In this case, the Plaintiff admittedly filed his charge with the EEOC more than one hundred eighty, but less than three hundred days after the date of his termination, the ultimate unlawful employment practice alleged. Plaintiff concedes

4

> that he did not institute proceedings with a State or local agency so as to invoke the three hundred day period . Plaintiff also recognizes that his termination cannot under current case law be the basis for a "continuing violation" of the ADA, however, Plaintiff submits that sufficient other equitable grounds exist for the Court to find that the filing of his charge of discrimination was not untimely. (Italics added.)

A.161. Following the submission of the additional memoranda, the district court decided only the points on the statute of limitations and the doctrine of equitable tolling and dismissed the complaint with prejudice.

Despite this concession made in the district court, the plaintiff now argues that the 300-day limitation should apply. We have read the entire record on appeal, including the memorandum of authorities of the plaintiff and do not find any mention of any other favorable regulations or of 29 C.F.R. § 1601.13(a)(3) or 29 C.F.R. § 1601.13(a)(4)(ii)(A-B), the regulations now relied upon for recovery. Neither do we find any mention of any other favorable regulations or of E.E.O.C. v. Commercial Office Products, 486 U.S. 107 (1989), and our related cases on the subject. So the district court was justified in relying on the concession.*

Benedetti next argues that even in view of the 180-day limitations period, that period should be extended under the doctrine of equitable tolling. We have held in the case followed by the district court, Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990) that ". . . the doctrine applies only when an employer's reliance on the applicable statute of limitations would be inequitable, because the employer `wrongfully deceived or misled the plaintiff in order to conceal the existence of the cause of action.'" Olson at 201. In this case, the record shows no deception or misleading by Computer Sciences Corporation. We are of opinion the district court correctly applied the Olson case.

_____

*Absent exceptional circumstances not present here, we do not ordinarily consider points raised for the first time on appeal. See Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997).

5

The judgment of the district court is accordingly

<u>AFFIRMED</u>.

6